IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL STIGGERS, III, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 19-CV-1895-S-BK |
| | § | |
| AMERICAN EXPRESS, | § | |
|     DEFENDANT. | § | |

FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), *Defendant's Motion to Compel Arbitration and Stay All Proceedings*, Doc. 12, is now before the Court for findings of fact and a recommended disposition. For the reasons stated herein, the motion should be **GRANTED**.

I.     BACKGROUND

Plaintiff filed this *pro se* action in August 2019 based on diversity jurisdiction. Doc. 3 at 3-4. Liberally construing his amended complaint, Plaintiff claims that Defendant American Express ("AMEX") breached its credit cardholder agreement (the "Agreement") with him when, after he used his card to pay for various goods and services, AMEX attempted to "steal [his] money and loan it back to [him], deceiving [him] into believing that [he owes] a balance on the alleged credit card." Doc. 8 at 22. Plaintiff seeks $60 million in damages, which he claims AMEX has agreed to pay since he exhausted his administrative remedies prior to filing suit by sending AMEX's chief executive officer "proofs of claim" to which there was no response. Doc. 8 at 4-5, 15-17. Upon service of process, AMEX filed the instant motion. Doc. 12.

## II. PARTIES' ARGUMENTS

AMEX contends that when Plaintiff opened his credit card account, he consented to the terms of the Agreement. Doc. 13 at 1; Doc. 13-1 at 3-4 (Decl. of Raquel Hernandez). The Agreement contains an arbitration provision (the "Arbitration Provision") that states, "**If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim**." Doc. 13-1 at 6 (Agreement) (emphasis in original). "Claim" is defined as "any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision." Doc. 13-1 at 6 (Agreement). The Arbitration Provision specifies that it is governed by the Federal Arbitration Act ("FAA"). Doc. 13-1 at 6 (Agreement).

AMEX asserts in its motion to compel that the parties are bound by the Agreement and the Arbitration Provision and that Plaintiff's claims fall within the scope of both. Doc. 13 at 3-4. Accordingly, AMEX requests that the Court enter an order compelling the arbitration of Plaintiff's claims and stay these proceedings pending the outcome. Doc. 13 at 5.

Plaintiff responds that AMEX has no standing to compel arbitration because it admitted it breached the Agreement when it did not rebut his proofs of claim and supporting affidavit. Doc. 14 at 1-2.

## III. APPLICABLE LAW

The purpose of the FAA is to promote federal public policy favoring arbitration and to ensure that arbitration agreements are enforced like any other contract. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). If a party to a contract containing an arbitration provision refuses to arbitrate, the aggrieved party may petition the district court to compel

arbitration. 9 U.S.C. § 4. When considering a motion to compel arbitration, a court determines (1) the existence of a valid agreement among the parties to arbitrate the dispute; and (2) whether the dispute falls within the scope of the agreement. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012); *see also Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (stating that an arbitration agreement is prima facie valid).

### IV.   ANALYSIS

As an initial matter, Plaintiff's "standing" argument hinges on his faulty belief that AMEX defaulted under the Agreement when its CEO did not respond to his proofs of claim. But a proof of claim is a bankruptcy term and has no applicability in the context of this case. *See* FED. R. BANKR. P. 3001(a) (defining a proof of claim as "a written statement setting forth a creditor's claim"). Moreover, Plaintiff failed to respond to AMEX's assertions regarding the validity and scope of the Arbitration Provision. In so doing, he has abandoned any objections to the merits of AMEX's arguments. *See TransFirst Group, Inc. v. Magliarditi*, 237 F.Supp.3d 444, 455 n.2 (N.D. Tex. 2017) (holding that plaintiffs had conceded to defendant's argument by not responding to it) (citation omitted); *see also Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 n.2 (5th Cir. 1996) (finding that plaintiffs had abandoned argument opposing motion to compel arbitration by not raising it in their response to the motion).

That notwithstanding, the Arbitration Provision states that either party may invoke arbitration regarding "any current or future claim, dispute or controversy relating to your Account(s)." Doc. 13-1 at 6. Plaintiff's objection to paying his credit card balance clearly falls within that category, and the Arbitration Provision is prima facie valid. *Carey*, 669 F.3d at 205; *Freudensprung*, 379 F.3d at 341.

Defendant requests that this action be stayed pending the outcome of the arbitration proceeding. When a dispute is subject to an arbitration agreement, that is often the proper course of action. *Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir. 2015). Nevertheless, dismissal with prejudice is appropriate "'when *all* of the issues raised in the district court must be submitted to arbitration.'" *Id.* at 249-50 n.13 (emphasis in original) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Because all of Plaintiff's claims are subject to arbitration, the Court finds that dismissal with prejudice is warranted in this case.

## V.   CONCLUSION

For the foregoing reasons, *Defendants' Motion to Compel Arbitration*, Doc. 12, should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 6, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).